HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD BREES,<br><br>        Plaintiff,<br><br>    v.<br><br>JEFFERSON COUNTY, a Political Subdivision of the State of Washington; JEFFERSON COUNTY SHERIFF'S OFFICE, an agency of JEFFERSON COUNTY; BRIAN POST, a Jefferson County Sheriff's Deputy; BRIAN ANDERSON, a Jefferson County Sheriff's Deputy; ADAM NEWMAN, a Jefferson County Sheriff's Deputy; WILLIAM THAYER,<br><br>        Defendants. | No. C07-5000 RBL<br><br>ORDER GRANTING DEFENDANT'S MOTION TO AMEND |

    This matter is before the Court on Defendant Jefferson County's Motion to Amend its Answer [Dkt. #21]. Specifically, Defendant seeks to drop three affirmative defenses and correct a factual error; Defendant also seeks to remove all affirmative defenses and counterclaims asserted on behalf of Defendants Anderson and Newman following the parties' stipulation to dismiss the claims against these defendants. Plaintiff opposes this effort, arguing primarily that Defendant's delay in seeking amendment is unreasonable and will cause undue prejudice. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein. For the reasons set out below, the Court GRANTS Defendant's Motion to Amend.

## I. BACKGROUND

    Plaintiff filed the present action in January 2007, naming Jefferson County, the Jefferson County

ORDER

Sheriff's Office, and individual deputies Post, Anderson, and Newman (the "County defendants") as defendants [Dkt. #1]. The County defendants answered Plaintiff's complaint on February 8, 2007, asserting a number of affirmative defenses and separate counterclaims under RCW 4.24.350 (providing damages for claims that are "false, unfounded, malicious, without probable cause, or part of a conspiracy") [Dkt. #6, pp. 5-6]. The County defendants' Answer states that "Defendant Post and Defendant Jefferson County Sheriff's Office admits that it executed a lawfully issued search warrant and lawfully seized evidence from plaintiff's residence." However, under the section marked "Affirmative Defenses," the Answer states: "The search warrant was issued without probable cause." [*Id*. at p. 5].

On May 10, 2007, Plaintiff filed an amended complaint that added William Thayer as a defendant. Mr. Thayer (represented by separate counsel) answered the amended complaint on September 28, 2007. Shortly thereafter, counsel for the County defendants and the individually named Sheriff's Officers noticed what has been termed a "typographical error" in the County defendants' Answer (specifically, the statement that the search warrant was issued without probable cause) [Dkt. #26, p. 2]. Prior to Deputy Post's deposition, on October 3, 2007, County defendants' counsel notified Plaintiff's counsel of the error and of the County's intention to amend the answer [*Id*.]. After the Plaintiff failed to stipulate to the amendment, the County defendants filed the present motion on October 19, 2007.

## II. DISCUSSION

Under Fed. R. Civ. P. 15, this Court must be extremely liberal in considering motions to amend the pleadings. *See Price v. Kramer,* 200 F.3d 1237, 1250 (9th Cir. 2000), cert. denied, 531 U.S. 816 (2000). The purpose of the rule is to encourage decisions on the merits rather than on the precision (or imprecision, as the case may be) of the pleadings. *See Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000).

In determining whether to grant leave to amend, district courts should look to factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc." *Foman v. Davis* 371 U.S. 178, 182 (1962). Not all of these factors apply with equal force; "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

In opposing the County defendants' motion, Plaintiff focuses on delay and undue prejudice.

ORDER

Plaintiff notes the nine-month time span between the original Answer and the present motion and states that he has relied on the Answer in formulating his legal strategy. Characterizing the attempt to amend as an unfair "blindside," Plaintiff states that allowing amendment in this case would work an injustice.

Despite these general claims of injustice, however, Plaintiff fails to articulate exactly how he will be unduly prejudiced and does not expand upon why the liberal policy of Rule 15 should not be followed in this instance. The Court agrees that amendment might result in at least *some* hardship (primarily in the form of an adjusted litigation strategy). However, the Court notes that every amendment of a pleading will result in some prejudice to the opposing party; thus, mere inconvenience or a general opposition to amendment is not grounds to deny a motion to amend. *See Genetech, Inc. v. Abbott Laboratories*, 127 F.R.D. 529 (N.D. Cal. 1989).

Additionally, the Court is hard-pressed to find that Plaintiff actually relied on what was an obvious mistake in the County defendants' Answer. The statement regarding the search warrant being issued without probable cause is patently contradicted by the prior statement that the search was conducted under a "lawfully issued" warrant. It further defies reason to believe that the County would admit to an unlawful search as an "affirmative defense." Consequentially, the Court finds that Plaintiff has failed to establish that he will be unduly burdened by the County defendants' amendment.

Defendant's Motion to Amend its Answer [Dkt. #21] is therefore GRANTED.

DATED this 6th day of November, 2007.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER