1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD BREES,<br><br>          Plaintiff,<br><br>   v.<br><br>JEFFERSON COUNTY, a political subdivision of the State of Washington; JEFFERSON COUNTY SHERIFF'S OFFICE, an agency of Jefferson County; BRIAN POST, a Jefferson County Sheriff's Deputy; BRIAN ANDERSON, a Jefferson County Sheriff's Deputy; ADAM NEWMAN, a Jefferson County Sheriff's Deputy; and WILLIAM THAYER,<br><br>          Defendants. | CASE NO. C07-5000BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART COUNTY DEFENDANTS' MOTION[S] IN LIMINE |

     This matter comes before the Court on County Defendants' Motion[s] in Limine (Dkt. 44). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

### I. FACTUAL BACKGROUND AND DISCUSSION

     Mr. Brees brings claims for violation of his civil rights under the Fourteenth, First (freedom of speech and access to the courts), and Fourth (freedom from illegal search and seizure) Amendments, for malicious prosecution, and for false imprisonment. Dkt. 1 at 6-

ORDER - 1

7. Deputies Brian Anderson and Adam Newman have been dismissed from this suit by stipulation (Dkt. 20). Plaintiff's illegal search claim was dismissed on summary judgment. Dkt. 48 at 18. Jefferson County, the Jefferson County Sheriff's Office, and Deputy Post ("County Defendants") now move to exclude several pieces of evidence under the Federal Rules of Evidence.

First, County Defendants seek to exclude evidence alluding to or mentioning County Defendants' insurance coverage under Rule 411 and contend that such evidence is irrelevant and highly prejudicial under Rules 401 and 403. It is unclear what evidence Plaintiff might seek to introduce, and the Court is therefore unable to rule whether such evidence would be unduly prejudicial. To the extent that County Defendants seek to exclude evidence prohibited by Rule 411, the motion is granted.

Second, County Defendants seek to exclude evidence of litigation expenses or attorneys' fees. Dkt. 44 at 3. While it is unclear exactly what evidence County Defendants would exclude, the motion is granted to the extent that Plaintiff cannot and does not attempt to establish the relevance of such evidence.

Third, County Defendants seek to exclude evidence relating to settlement offers, demands, negotiations, or discussions under Rule 408. In this respect, the motion is granted.

Fourth, County Defendants seek to exclude evidence relating to prior bad acts by the Jefferson County Sheriff's Office or its deputies. Apparently, County Defendants seek to exclude evidence of Plaintiff's prior lawsuit. The full extent of Plaintiff's proposed use of evidence of the prior lawsuit is not yet clear to the Court. Therefore, while the Court is concerned that the jury may use this evidence to merely infer liability, the Court cannot yet rule as a matter of law whether this evidence should be excluded. The motion is therefore denied.

Fifth, County Defendants seek to exclude lay testimony regarding whether retaliation occurred because "retaliation" is a term of art. The testimony of lay witnesses

ORDER - 2

at trial is expected to reflect the distinction between lay and expert witnesses recognized by the Federal Rules of Evidence, and lay witnesses will not be permitted to opine on whether Defendants are liable for Plaintiff's various legal claims. To this extent, the motion is granted. To the extent that lay witnesses may seek to testify about "retaliation" in the colloquial sense, the motion is denied.

Sixth, County Defendants seek to exclude specific testimony of Richard and Marie Brees. At this juncture, it is unclear whether Richard and Marie Brees will testify at all and whether such testimony will mirror their deposition testimony. The Court is simply not in a position to rule on the admissibility of live testimony. County Defendants may object as the testimony at trial unfolds. In this respect, the motion is denied.

Seventh, County Defendants seek exclusion of non-party witnesses during the testimony of other witnesses pursuant to Rule 615. In this respect, the motion is granted.

Eighth, County Defendants ask that testifying witnesses be informed of any order concerning a motion in limine that relates to that witness' testimony. Informing witnesses of the rules and court orders governing their testimony is a matter best left to the experience and expertise of trial counsel and does not require a court order.

Ninth, County Defendants ask the Court to require twenty-four hours' notice of each deposition or testifying witness. Counsel for all parties are expected to be cooperative and courteous. If the parties require additional guidance from the Court, they may raise this issue at the pretrial conference.

Tenth, County Defendants ask the Court to prohibit discussion of any prior rulings in front of the jury. The legal basis for this request is unclear, and the motion is denied in this respect.

The parties are cautioned that the foregoing denial in part of County Defendants' motion in limine does not render the evidence admissible at trial. In addition, issues as to which the motion was granted may be reconsidered at trial, outside the presence of the jury, should the events of trial make such reconsideration appropriate.

ORDER - 3

## II. ORDER

Therefore, it is hereby

**ORDERED** that County Defendants' Motion[s] in Limine (Dkt. 44) is **GRANTED in part** and **DENIED in part** as provided herein.

DATED this 5th day of February, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4